IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-308-D

| | | |
|---|---|---|
| CHILOVE CHERY SAIMPLICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OCWEN LOAN SERVICING INC., | ) | |
| ONE WEST BANK, INDY MAC, | ) | |
| and TRUSTEE SERVICES OF | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

On June 27, 2018, Chilove Chery Saimplice ("Saimplice" or "plaintiff"), proceeding pro se, filed a complaint against Ocwen Loan Servicing Inc.[1] ("Ocwen Loan"), One West Bank[2] ("OneWest Bank"), Indy Mac[3] ("IndyMac"), and Trustee Services of Carolina[4] ("TSC"; collectively "defendants") [D.E. 1]. On July 23, 2018, Ocwen Loan, OneWest Bank, and IndyMac moved to dismiss for failure to state a claim [D.E. 11], filed a memorandum in support [D.E. 12], and answered the complaint [D.E. 13]. On August 13, 2018, Saimplice responded in opposition [D.E. 18]. On August 14, 2018, TSC moved to dismiss the complaint [D.E. 19], and TSC filed a

---

[1] Ocwen Loan's proper name is Ocwen Loan Servicing, LLC. See [D.E. 12] 1 n.1. The clerk shall update the party's name.

[2] OneWest Bank's proper name is OneWest Bank, FSB. See [D.E. 12] 1 n.2. The clerk shall update the party's name.

[3] IndyMac's proper name is IndyMac Mortgage Services. See [D.E. 12] 1 n.3. The clerk shall update the party's name.

[4] TSC's proper name is Trustee Services of Carolina, LLC. See [D.E. 20] 1 n.1. The clerk shall update the party's name.

memorandum in support [D.E. 20]. On August 14, 2018, the court notified Saimplice about the motion, the response deadline, and the consequences of failing to do so [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Saimplice did not respond. As explained below, the court grants defendants' motions to dismiss.

I.

Saimplice owned a home located at 4605 Marathon Lane in Raleigh, North Carolina. See Compl., Ex. C [D.E. 1-8] 2. On April 16, 2011, a tornado damaged her home. See id. at 4; [D.E. 18] 2. To repair the damage, Saimplice sought coverage from State Farm Insurance Company ("State Farm"). See Compl., Ex. C [D.E. 1-8]; [D.E. 18] 2. State Farm sent Saimplice a check covering the cost of repairs. See Compl., Ex. C [D.E. 1-8]; [D.E. 18] 2. Saimplice signed the check and sent it to IndyMac, which at the time serviced the mortgage on her home, for its signature. See Compl., Ex. C [D.E. 1-8]; [D.E. 18] 2. IndyMac never returned the check to Saimplice, and Saimplice could not repair the storm damage to her home. See [D.E. 18] 2. IndyMac is a division of OneWest Bank. On December 1, 2013, IndyMac transferred the servicing of Saimplice's mortgage loan to Ocwen Loan. See Compl., Ex. [D.E. 1-19] 43.

Saimplice fell behind on her mortgage payments and, in 2018, Deutsche Bank National Trust Company, the mortgagee on the loan, initiated foreclosure proceedings. See Compl., Ex. A-3 [D.E. 1-3]; Compl., Ex. I [D.E. 1-13] 3–4. On June 7, 2018, the Wake County Superior Court authorized a foreclosure sale of Saimplice's property because she was in default on the mortgage and had not "shown [any] valid legal reason why foreclosure should not commence." Compl., Ex. A-3 [D.E. 1-3]. On July 9, 2018, the property sold at a foreclosure sale. See Compl., Ex. B-3 [D.E. 1-7]. On July 23, 2018, TSC recorded a deed to the property as substitute trustee. See [D.E. 20] 12; Ex. H [D.E. 20-8] 2–4; cf. Compl., Ex. B [D.E. 1-4].

2

Saimplice alleges that she did not miss any mortgage payments. See Compl. [D.E. 1] 3; Compl., Ex. 19 [D.E. 1-19]. Saimplice also alleges that "the bank" demanded duplicate payments on her mortgage, kept approximately $49,000 in insurance proceeds for the 2011 storm damage to her home unlawfully, and withdrew money from her personal checking account without authorization. See Compl. [D.E. 1] 3. Finally, Saimplice asserts that defendants filed false documents concerning the foreclosure with the Wake County Superior Court. See id. at 8. Saimplice seeks $20 million in damages. See id. at 7.[5]

## II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation

---

[5] Saimplice also appears to allege that Legal Aid of North Carolina ("Legal Aid") did not promptly disburse to her money held in escrow. See Compl. [D.E. 1] 3. Saimplice, however, did not include Legal Aid as a defendant. See Compl., Ex. [D.E. 1-33].

3

omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

As for Ocwen Loan, IndyMac, and OneWest Bank's motion to dismiss, Saimplice's complaint fails to state a cognizable claim. A legally sufficient complaint must meet the standards of Rule 8 of the Federal Rule of Civil Procedure. See Francis, 588 F.3d at 192; Campbell v. Wells Fargo Bank, N.A., 73 F. Supp. 3d 644, 647 (E.D.N.C. 2014). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) ensures that defendants have adequate notice of the nature of the claims against them. See, e.g., Francis, 588 F.3d at 192. Saimplice's complaint fails to provide such notice. Saimplice's complaint also must "contain more than labels and conclusions" to state a cognizable claim for relief. Giarratano, 521 F.3d at 304 n.5 (quotation omitted). Her complaint fails to do so. Accordingly, the court grants defendants' motion to dismiss.

### III.

As for TSC's motion to dismiss, TSC argues that the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests a court's subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. As the party invoking federal jurisdiction, Saimplice bears the burden of establishing that this court has subject-matter jurisdiction in this action. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider

evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quotation omitted).

Generally, federal district courts have "no authority to review final judgments of a state court in judicial proceedings." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Feldman, 460 U.S. at 476; Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 318–20 (4th Cir. 2016); Washington v. Wilmore, 407 F.3d 274, 279–80 (4th Cir. 2005). The doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted).

Rooker-Feldman is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006); Thana, 827 F.3d at 318–20. It applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284; see Skinner v. Switzer, 562 U.S. 521, 531–33 (2011); Thana, 827 F.3d at 318–20. For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "reverse or modify the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quotation omitted); see Thana, 827 F.3d at 318–20. Accordingly, the court "examine[s] whether the state-court

loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted); see Thana, 827 F.3d at 318–20. "The Rooker-Feldman doctrine bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (quotations omitted); see Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997).

The Rooker-Feldman doctrine applies to losers of state foreclosure proceedings. See Locklear v. Fed. Home Mortg. Corp., No. 7:16-CV-344-D, 2017 WL 1737634, at *3 (E.D.N.C. May 1, 2017) (unpublished); Hardin v. Bank of Am., N.A., No. 7:16-CV-75-D, 2017 WL 44709, at *3 (E.D.N.C. Jan. 3, 2017) (unpublished); Carmichael v. Irwin Mortg. Corp., No. 5:14-CV-122-D, 2014 WL 7205099, at *3 (E.D.N.C. Dec. 17, 2014) (unpublished); Radisi v. HSBC Bank USA, Nat'l Ass'n, No. 511CV125-RLV, 2012 WL 2155052, at *4 (W.D.N.C. June 13, 2012) (unpublished), aff'd, 479 F. App'x 468 (4th Cir. 2012) (per curiam) (unpublished). Saimplice's claims contesting the legality of the foreclosure of her home are inextricably intertwined with the factual and legal findings of the Wake County Superior Court's order of June 7, 2018, authorizing foreclosure. See Plyler, 129 F.3d at 731; Jordahl, 122 F.3d at 199. This court lacks subject-matter jurisdiction to sit in direct review of a state foreclosure action. Thus, the court dismisses any such claims.

Alternatively, TSC argues that the court should dismiss the action for improper service of process and lack of personal jurisdiction. The Federal Rules of Civil Procedure require a plaintiff to deliver "a copy of the summons and of the complaint to an officer, a managing or general agent,

7

or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff can effect service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure do not authorize a party to an action to effect service of process herself. See N.C. Gen. Stat. § 1A-1, Rule 4(h1).

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see Fed. R. Civ. P. 12(b)(5); Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012). Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); FDIC v. Schaffer, 731 F.2d 1134, 1135–36 (4th Cir. 1984); Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants. See Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished); Pitts, 914 F. Supp. 2d at 733. Pro se litigants are not exempt from the Federal Rules of Civil Procedure. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993); Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished); Danik v. Hous. Auth. of Balt. City, 396 F. App'x 15, 16–17 (4th Cir. 2010) (per curiam) (unpublished).

Saimplice personally mailed the required documents to TSC. See [D.E. 5] 1. Saimplice did not have a sheriff for New Hanover County, where TSC is located, attempt service of process. See N.C. Gen. Stat. § 1A-1, Rule 4(a). Saimplice, as the plaintiff, also does not qualify as a non-party

8

under the North Carolina Rules of Civil Procedure to effect service of process. See id., Rules 4(h), 4(h1). Moreover, Saimplice did not serve process on an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Thus, Saimplice did not properly serve process on TSC under North Carolina law or under Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the court lacks personal jurisdiction over TSC, and the court grants TSC's motion to dismiss.

Alternatively, TSC argues that the complaint violates Rule 8 of the Federal Rules of Civil Procedure. As noted, a pro se litigant's complaint must comply with Rule 8(a) and the prevailing standard applied in analyzing motions to dismiss under Rule 12(b)(6). See Francis, 588 F.3d at 192. Saimplice's complaint does not provide fair notice to TSC of the claims against it and thereby violates the Federal Rules of Civil Procedure. Thus, the court grants TSC's motion to dismiss for failure to state a claim.

Alternatively, TSC argues that the doctrine of issue preclusion prohibits Saimplice from raising any claims that might challenge the validity of her state foreclosure action. Federal courts apply state law when evaluating the preclusive effects of a prior state court judgment. See Allen v. McCurry, 449 U.S. 90, 96 (1980); Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006); In re Ansari, 113 F.3d 17, 19 (4th Cir. 1997); cf. 28 U.S.C. § 1738. Thus, the court applies the North Carolina law of issue preclusion to the Wake County Superior Court's foreclosure order.

Under North Carolina law, issue preclusion bars suits where (1) the issues are the same as those involved in the prior action, (2) the issues were raised and actually litigated in the prior action, (3) the issues were material and relevant to the disposition of the prior action, and (4) the determination of those issues was necessary and essential to the judgment in the prior action. See

State v. Summers, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000); Beckwith v. Llewellyn, 326 N.C. 569, 574, 391 S.E.2d 189, 191 (1990); King v. Grindstaff, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973); Laschkewitsch v. Am. Nat'l Life Ins. Co., No. 5:15-CV-21-D, 2016 WL 4184422, at *2 (E.D.N.C. Aug. 5, 2016) (unpublished) (applying North Carolina law), aff'd, 724 F. App'x 283 (4th Cir. 2018) (per curiam) (unpublished). The party invoking issue preclusion bears the burden of showing that the doctrine applies. See Bluebird Corp. v. Aubin, 188 N.C. App. 671, 678, 657 S.E.2d 55, 62 (2008).

Issue preclusion operates to prevent Saimplice's breach of contract claim because the June 7, 2018, proceeding in state court actually determined the issue of whether Saimplice had "shown" a "valid legal reason why foreclosure should not commence." Compl., Ex. A-3 [D.E. 1-3].[6] Saimplice cannot relitigate the issue of whether she was in default on her mortgage in this court. Thus, Saimplice cannot pursue any claim concerning issues actually litigated and determined in the Wake County Superior Court's order. See, e.g., Wiggins v. Planet Home Lending, LLC, No. 5:14-CV-862-D, 2015 WL 3952332, at *2–3 (E.D.N.C. June 29, 2015) (unpublished).

IV.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 11, 19], and the court DISMISSES the complaint without prejudice. The clerk shall close the case.

SO ORDERED. This 23 day of January 2019.

JAMES C. DEVER III
United States District Judge

---

[6] The court assumes that Saimplice has plausibly alleged a breach of contract claim against TSC for purposes of this analysis. See Compl. [D.E. 1] 5.

10